UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| A'ZAAM WALEE BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:20-CV-283-HAB |
| | ) |
| E&B PAVING, LLC, et al. | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

A'Zaam Walee Bey, proceeding pro se, filed a Complaint for a Civil Case (ECF No. 1) against E&B Paving, LLC ("E&B"), and several of its officers and executives. Bey also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2). For the reasons set forth below, Bey's Application is DENIED. Bey's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and he is GRANTED additional time to amend his Complaint, accompanied either by the statutory filing fee or another motion requesting *in forma pauperis* status. If Bey fails to amend his Complaint within the time allowed, the Clerk will be directed to close this case without further notice to Bey.

**A.     Discussion**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the

action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a).

The inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

Generally, to state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The facts alleged in Bey's Complaint are relatively straightforward. Bey alleges that he was hired by E&B in July 2020 and filled out a new hire packet. Bey, an adherent to the so-called

2

sovereign citizen movement, produced his "nationality card" as his identification. He was told that this was acceptable, and he went to work. After working for 10 hours, Bey was approached by his superintendent and told that he would need to supply a social security number in order to continue working for E&B. Bey contacted E&B's human resources manager the next day, who reiterated that he could not work without providing a social security number. Bey states that he has never been paid for the 10 hours he worked.

Bey alleges that, based on the foregoing facts, E&B violated Title VII of the Civil Rights Act of 1964. He claims that E&B's refusal to keep him employed was "because of blatant and utter discrimination of my nationality and religion and violation of constitutionally secured rights." (ECF No. 1 at 4). As a result, Bey is seeking $3,000,000.00 in damages.

The Court concludes that the facts alleged in Bey's Complaint fail to state a claim that falls within this Court's jurisdiction. First, his allegations do not show a plausible entitlement to relief under Title VII. While Bey is certainly free to pursue whatever political and religious doctrines he chooses, E&B is subject to federal law when it comes to verifying the identity of its employees. Section 1324a of United States Code Title 8 provides that it is illegal for a company to "hire for employment in the United States an individual without complying with the requirements" of the statute. 8 U.S.C. § 1324a(a)(1)(B). The primary requirement of the statute is to verify an employee's status by examining certain documents deemed acceptable to establish both identity and authorization for employment. 8 U.S.C. §1324a(b). A complete list of acceptable documents can be found at 8 C.F.R. § 274a.2(b)(1)(v). Noticeably absent is a Moroccan or Moorish identification card.

The Court understands that Bey and other adherents to his political philosophy eschew the use of government-issued identification. They believe that use of such identification would

3

inadvertently subject them to what they believe to be a false government. That's all well and good, but E&B is subject to federal law. The Court concludes that E&B's adherence to federal law cannot be a violation of Title VII and that Bey's discrimination claim must be dismissed.

Read liberally, Bey's Complaint may present a claim under the minimum wage requirements of the Fair Labor Standards Act, 29 U.S.C. § 260, since he alleges that he worked but was not paid. Of course, the recovery under such a theory would be limited to the amount of pay he is owed, plus an equal amount in liquidated damages. 29 U.S.C. §216(b). Three million dollars that is not. Bey will be permitted the opportunity to amend his Complaint to assert such a claim if, in fact, that was his intention.

Given the foregoing, Bey's request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Bey until September 11, 2020, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). Along with an amended Complaint, Bey must also file a new Motion to Proceed *in forma pauperis* **or** pay the filing fee.

If Bey does not file an amended complaint by September 11, 2020, the Court will direct the Clerk to close this case.

**C.     Conclusion**

For the foregoing reasons, the Court:

(1)     DENIES Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2);

(2)     DISMISSES the Complaint (ECF No. 1);

(3)  GRANTS the Plaintiff until September 11, 2020, to file an amended complaint, accompanied by a new Motion to Proceed *in forma pauperis* **or** the filing fee; and

(4)  CAUTIONS Plaintiff that if he does not respond by the above deadline, this case will be dismissed without further notice.

SO ORDERED on August 11, 2020.

                                          s/ Holly A. Brady  
                                          JUDGE HOLLY A. BRADY  
                                          UNITED STATES DISTRICT COURT